UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:02CV81-3-V
(3:99CR56-1-V)

| | |
|---|---|
| **MIGUEL ANGEL FERNANDEZ,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on "Movant's Application for Reinstatement of his Case in the Ground Consistent with the Movant's Cause and Actual Prejudice or Actual Innocence. U.S. v. Aker, 181 F.3d 167, 170 (1st Cir. 1999" (sic) (Document No. 21.) The Court construes such Motion as a Motion for Reconsideration and for the reasons stated herein, Petitioner's Motion for Reconsideration is dismissed.

### 1. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that the Petitioner is one of two defendants named in a six count Superceding Bill of Indictment[1] filed on February 11, 2000. Count One charged each defendant with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner was charged in Count Two with Possession with Intent to Distribute Cocaine and, for purposes of this Petition, in Count Three with Possession of a Firearm in

---

[1] Petitioner was initially Indicted in a two count Bill of Indictment filed on September 14, 1999. On February 11, 2000, the government filed a six count Superceding Indictment against Petitioner and a second defendant.

1

Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1). Petitioner was also charged in Count Four with Attempted Escape, a violation of 18 U.S.C. § 751(a), and in Count Six with Conspiracy to Commit Money Laundering, a violation of 18 U.S.C. § 1956(h).

On March 15, 2000, Petitioner appeared before the Magistrate Judge and entered a plea of guilty to Counts One, Two, Three and Four of the Superceding Indictment, pursuant to a written plea agreement. At his Plea and Rule 11 Hearing, Petitioner responded "Yes, Sir" when asked by the Magistrate Judge if he had received a copy of the indictment and discussed its contents with his attorney. (Transcript of Plea and Rule 11 Hearing at 9.) Petitioner was instructed by the Magistrate Judge that he was pleading guilty to 18 U.S.C. 924© in that "on or about August 19, 1999, in Iredell County, you, in furtherance of a drug trafficking crime, namely, possession with intent to distribute cocaine, did knowingly, wilfully, and unlawfully possess a firearm; namely, a 10 millimeter Glock handgun ...". (Id. at 10.) This instruction was consistent with the wording of the Superceding Indictment. Petitioner acknowledged that he understood this. (Id). The Magistrate also informed Petitioner that the Government would have to prove "during and in relation to the commission of that crime, you knowingly used or carried a firearm", and that to "carry a firearm during an in relation to a crime means to move or transport it on one's person or in a vehicle or container during and in relation to the crime. Do you understand this?" (Id. at 12-13.) Petitioner replied "Yes, Sir." (Id. at 13.) After Petitioner was informed of the penalties he was facing, the court asked him if he fully understood the charges and penalties he faced. Again, Petitioner said he did. (Id. at 15.) Petitioner's attorney, Mr. Dansby, also stated that Petitioner had told him that his other attorney, Mr. Nicholas "went over the charges in detail with him some time ago", and that Petitioner understood them. (Id.) Finally, Petitioner stated he was guilty of the counts to which he was pleading, that he had had

2

enough time to discuss the plea agreement with his attorney, and that he understood all parts of the plea agreement. (Id at 18, 23.) Petitioner affirmed that he was satisfied with the services of his attorney, and did not have anything further to say about his attorney's services. (Id at 25.)

On June 20, 2000, an Inquiry to Counsel Hearing was held in response to a letter submitted on Petitioner's behalf. The letter claimed that Petitioner did not understand his plea agreement and wished to withdraw it, and that he had not received adequate communication from his attorney. When questioned by the court, Petitioner's attorney responded that: "I believe my client is prepared to represent to the Court that none of the information in that letter is correct", and that Petitioner had received the benefit of complete communication and interpretation. (Transcript of Inquiry Hearing at 3.) Furthermore, Petitioner's attorney represented that Petitioner had, in effect, lied with respect to the representation contained in the letter: "He indicated that he had that letter written because he was somewhat desperate because of the conditions that he was being held in at the jail." (Id at 4.) Petitioner confirmed that he had lied with respect to the contents of the letter: "yes, that's all true. I was desperate with the conditions of where I was being held....". (Id. at 5.) The Magistrate Judge admonished Petitioner to discontinue his falsehoods: "Well let me caution you, Mr. Fernandez. Don't write or have another letter written to the Court that contains less than truthful information." (Id. at 5-6.) At no time during the hearing did the Petitioner raise any issues with respect to the 924© Count.

On December 13, 2000, Petitioner was sentenced to a total of 157 months in prison. At the sentencing hearing, Petitioner stipulated to the factual basis as set forth in the Presentence Report. (Transcript of Sentencing Hearing at 3.) The Court then asked the Petitioner if he was pleading guilty to the charges including "count three, possession of a firearm during and in relation to a drug

3

trafficking crime". (Id.) Petitioner responded, "yes". He also affirmed that: 1) he understood the nature of the charges and the possible penalties; 2) he had been adequately advised and represented by his attorneys; 3) he was making his guilty plea freely and voluntarily; and 4) he committed the enumerated offenses. (Id.) Petitioner also stated that he had had an adequate opportunity to go over the presentence report with his attorney and that they discussed it in detail. (Id. at 4.)

Petitioner filed a Notice of Appeal on December 19, 2000. In his Notice, Petitioner claimed that: 1) he was coerced with threats by his attorney to take a plea or receive a 25 year term of imprisonment; 2) his attorney advised against going to trial; 3) that he was a single person in a conspiracy; and, 4) "threw [sic] fear, defendant was forced to plead guilty, to a charge he was not guilty". An Anders brief was filed on September 14, 2001, raising three issues: 1) whether Fernandez waived his right to an appeal; 2) whether Fernandez's plea was voluntary; and 3) whether the district court erred in not granting Fernandez a three- level downward adjustment for being a minimal participant. On January 9, 2002, the Fourth Circuit dismissed Petition's appeal on the grounds that he had waived his appellate rights in his plea agreement.

Petitioner filed a Motion to Vacate in which he alleged that his attorney was ineffective because Petitioner was misinformed as to the true nature of the 924(c) count to which he pled guilty, and that his plea was not knowing and voluntary because the court incorrectly stated the elements of the 924(c) offense. Petitioner claimed that but for the misinformation from the Court and from his attorney he would not have pled guilty to the firearm charge, but would have proceeded to trial.

By Order dated August 24, 2005 this Court dismissed Petitioner's Motion to Vacate concluding that since Petitioner did not directly appeal the voluntariness of his guilty plea, such claim is barred on collateral review unless Petitioner could demonstrate cause and prejudice or actual

4

innocence. The Court further concluded that Petitioner did not provide any evidence establishing cause and prejudice and that the record did not support a finding of actual innocence. Additionally, this Court concluded that Petitioner did not establish that either prong of the <u>Strickland</u> test to establish that his trial counsel was ineffective. (Document No. 19.)

In the instant motion, Petitioner continues to argue that his plea was unknowing and involuntary and that his counsel was ineffective. Petitioner essentially seeks to relitigate the claim raised in his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, which, as stated above, this Court denied by Order dated August 24, 2005. Petitioner's motion is simply a restatement of his previous Motion to Vacate which included a claim attacking his sentence. This is generally not permitted and is considered to be a successive petition.

A successive petition is available only in limited circumstances and courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings. <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition. New legal arguments or proffers of additional evidence will generally indicate that the prisoner is not seeking the relief available pursuant to a motion for reconsideration, but instead, is continuing his collateral attack on his conviction or sentence. However, an example of a proper motion for reconsideration, in the habeas context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. <u>United States v. Winestock</u>, 340 F.3d 200206 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing

5

to apply <u>Apprendi</u> retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his <u>Apprendi</u> claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly continuing to attack his sentence and therefore, this Court will construe his motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. <u>Id</u>. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration is dismissed because it is a successive petition filed without authorization by the Fourth Circuit Court of Appeals.

**SO ORDERED**.

Signed: April 13, 2007

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge